**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4646**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HECTOR CHAVEZ NARANJO,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Walter D. Kelley, Jr., District Judge. (CR-04-242)

_____

Submitted: September 22, 2006      Decided: October 16, 2006

_____

Before NIEMEYER and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Frank W. Dunham, Jr., Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Riley H. Ross, III, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Joseph E. DePadilla, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Hector Naranjo pled guilty without the benefit of a plea agreement to illegal reentry after having been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a), (b)(2) (West 2000). The district court sentenced Naranjo to sixty-two months' imprisonment. Naranjo appeals, contending the district court imposed an unreasonable sentence in violation of United States v. Booker, 543 U.S. 220 (2005).

After Booker, a sentencing court is no longer bound by the sentencing range prescribed by the sentencing guidelines, which are now advisory. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining a sentence post-Booker, sentencing courts are required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). Id. We will affirm a post-Booker sentence if it falls within the statutorily prescribed range and is reasonable. Id. at 546-47. A sentence that falls within the correctly determined guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006), cert. denied, 126 S. Ct. 2309 (2006).[*]

---

[*]We reject Naranjo's request to find that the presumption of reasonableness discussed in Green violates Booker, as one panel of the court may not overrule another panel. See Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002).

Naranjo's sentence was within the properly calculated guideline range of 57 to 71 months' imprisonment and was well within the statutory maximum of twenty years' imprisonment. <u>See</u> 8 U.S.C. § 1326(b)(2) (West 2000). Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, including those enumerated by counsel, we find the sentence reasonable. <u>See</u> <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 377-79 (4th Cir. 2006), <u>petition for cert. filed</u> (U.S. July 21, 2006) (No. 06-5439).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>